IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROSCOE CHEESEBORO,                :
    Plaintiff                          :   Civil Action No. 1:05-CV-1207
                                                :
v.                                              :   (Chief Judge Kane)
                                                :
BIG LOTS,                                       :
and AMES TRUE TEMPER, INC.,      :
    Defendants                       :

## MEMORANDUM

Plaintiff, Roscoe Cheeseboro, a resident of South Carolina, brought this diversity action against Defendants, Big Lots and Ames True Temper, for damages allegedly incurred when Plaintiff was injured on July 8, 2003. Plaintiff claims that his injuries were caused by an Ames True Temper pole tree-trimmer, which he purchased from Big Lots. Plaintiff alleges that the tree-trimmer separated, leading to the saw portion of the tree-trimmer falling and severing two tendons in Plaintiff's left hand.

Plaintiff seeks monetary damages for medical expenses, pain and suffering, and lost wages. Plaintiff initially alleged that Defendants were liable for his injuries under both strict liability and negligence theories. On August 15, 2006, Plaintiff stipulated and agreed to dismiss his negligence claims against the Defendants with prejudice. (Doc. No. 26.)

On August 14, 2006, Plaintiff and Defendants submitted pre-trial motions in limine, together with briefs in support, seeking to preclude the introduction of certain testimony and other evidence at trial. (Doc. Nos. 22-25.)  Specifically, Plaintiff moved this Court to preclude evidence of: (1) Plaintiff's negligence in operating the tree-trimmer; (2) Plaintiff's prior conviction for possession of drug paraphernalia; and (3) Plaintiff's receipt of unemployment benefits. (Doc. No. 22.) Defendants moved this Court to preclude: (1) testimony by Plaintiff's

liability expert; (2) evidence of Plaintiff's lost wages; and (3) medical testimony by Plaintiff's medical expert "[a]dopting the Functional Capacity Evaluations done by Someone Else." (Doc. No. 24.)  Both motions have been briefed and are ripe for disposition.

I.    DISCUSSION

    A.    Plaintiff's Motions in Limine

        1.    Evidence of Plaintiff's negligence

Plaintiff argues that evidence related to his alleged [mis]use of the pole tree-trimmer is inadmissible because such evidence would impermissibly introduce negligence concepts into a strict-liability claim.  The parties agree that because this Court's jurisdiction is founded in diversity, the Court must look to Pennsylvania law to settle this evidentiary question.  Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 228 (3d Cir. 2005); Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).  In Pennsylvania, evidence of negligence is not generally admissible in cases of strict liability.  See Phillips v. Cricket Lighters, 841 A.2d 1000, 1006 (Pa. 2003) ("negligence concepts should not be imported into strict liability law").  Plaintiff, therefore, argues that Defendants should not be permitted to introduce evidence that Mr. Cheeseboro loosened or tightened a nut on the pole tree-trimmer because such evidence is "tantamount to evidence of Plaintiff's attempt to arrest an accident traceable to the Defendant's design." (Doc. No. 23, at 8.) Pennsylvania law, however, permits the Defendants to introduce evidence that Plaintiff's altered or tampered with the allegedly defective product because such evidence is relevant to causation. Eck v. Powermatic Houdaille, Div. of Houdaille Industries, Inc., 527 A.2d 1012, 1020 (Pa. Super. 1987).  Accordingly, evidence that Plaintiff loosened or tightened the nut is relevant to causation and properly admitted at trial.  Defendants have made a good-faith allegation that

Plaintiff altered or tampered with the device alleged to have caused Plaintiff's injury. Plaintiff's first motion in limine will be denied.

### 2. Evidence of Plaintiff's prior conviction

Plaintiff next argues that evidence of a prior conviction should be precluded under Federal Rules 609(b) and 403. Rule 609(b) prohibits the introduction of evidence of a conviction "if a period of more than ten years has elapsed since the date of the conviction . . . unless the court determines that, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs the prejudicial effect." Fed. R. Evid. 609(b). Plaintiff was convicted of possession of drug paraphernalia, a misdemeanor in Pennsylvania, on August 5, 1996. Therefore, this conviction is inadmissible under Rule 609(b), because more than ten years have elapsed since the date of the conviction.

Defendants argue, without citation, that evidence of Plaintiff's conviction should nonetheless be admissible because it "could explain his reduced earnings and that, while not admissible to impeach his credibility, it [sic] admissible to shed light on his lost earnings claim." (Doc. No. 32, at 6). Defendants offer no facts to support the argument that Plaintiff's conviction is somehow related to his ability to obtain employment. At trial, should Defendants make such a proffer, the Court will reconsider its admissibility for that limited purpose in light of the balancing required by Federal Rule of Evidence 403. Plaintiff's second motion in limine will be granted.

### 3. Evidence of Plaintiff's receipt of unemployment benefits

Plaintiff also seeks to exclude evidence that Plaintiff received unemployment compensation upon leaving his job at Kentucky Fried Chicken. Plaintiff argues that introduction

of evidence of unemployment compensation would violate Pennsylvania's "collateral source" rule.  Under Pennsylvania tort law, a plaintiff is entitled to "double recovery where the collateral source is unemployment insurance." Feeley v. United States, 337 F.2d 924 (3d Cir. 1964).  Defendants concede that the collateral source rule does allow for double recovery.  The Defendants assert, without citation, that the evidence should be admitted to "provide evidence of an explanation as to why the Plaintiff did not work the approximate [sic] six months after this accident."  (Doc. No. 32, at 7.)  Again, Defendants offer no support beyond sheer speculation to support its theory that such evidence is relevant.  Plaintiff's third motion in limine will be granted with respect to evidence regarding his receipt of unemployment compensation.

  **B.**  **Defendants' Motions in Limine**

    **1.**  **Testimony of Plaintiff's liability expert**

Defendants first move to exclude any testimony offered by Paul Tutton, Plaintiff's liability expert witness, under Rule 702.  That rule provides that expert testimony must be "based upon sufficient facts or data."  Fed. R. Evid. 702(1).  The crux of Defendants' argument is that Plaintiff's expert witness reported that Plaintiff's injury occurred while "using the saw in the prescribed fashion," (Doc. No. 31-32, at 7) whereas Plaintiff testified in his deposition that he was simply "holding the [pole tree] trimmer in an upright position" after he had finished cutting the last branch (Doc. No. 31-32, at 10).  Although there is some question as to how Plaintiff's injury occurred during his use of the pole tree trimmer, the expert witness clearly based his testimony on sufficient facts or data.  The Defendants are entitled to cross-examine the expert witness as to how he reached his conclusions.  Accordingly, Defendants' first motion in limine will be denied.

### 2.    Evidence of Plaintiff's lost wages

Defendants also seek to prevent Plaintiff from testifying as to wages lost in the six months after his injury. Defendants argue that because no medical testimony can be offered for a period following the injury, the Plaintiff should not be able to introduce evidence of his lost wages to support his damages claim. Defendants cite no legal support for his argument and offers no basis upon which the Court might preclude testimony that Plaintiff was unable to work following his injury, and thus suffered a loss of wages. Defendant may fully cross-examine Plaintiff on this subject, but is not entitled to an exclusion of the Plaintiff's testimony. Accordingly, Defendants' second motion in limine will be denied.

### 3.    Plaintiff's medical expert's "adopted" medical testimony

Finally, Defendants seek to preclude testimony offered by Dr. Stratis, Plaintiff's medical expert, related to a Functional Capacity Evaluation ("FCE") conducted by Ms. Donna Skotek, a physical therapist, who is unavailable for trial. Defendants argue that under Rule 703, while an expert is allowed to base her opinion on inadmissible facts or data, she may not disclose the otherwise inadmissible facts or data to the jury. Fed. R. Evid. 703. The Plaintiff argues that Dr. Stratis should be allowed to testify to the results because they are "reasonably and regularly relied upon." (Doc. No. 33, 9.) In their supplemental brief in support of their motions in limine, Defendants apparently object only to Dr. Stratis's "whole hearted parroting of Ms. Skotek's report which he neither understood nor could explain." (Doc. No. 31, at 5.) Under the Federal Rules, Dr. Stratis is prohibited from testifying as to otherwise inadmissible facts or data, but he is entitled to base his opinions on them. Because the Defendants do not argue that Ms. Skotek's tests are inadmissible, the Court will deny the Defendants' third motion in limine.

**III.    CONCLUSION**

      For the foregoing reason, the Plaintiff's motion in limine will be granted in part and denied in part, while the Defendant's motion in limine will be denied.  An appropriate order will follow.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROSCOE CHEESEBORO,** | : | |
|     Plaintiff | : | Civil Action No. 1:05-CV-1207 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **BIG LOTS,** | : | |
| **and AMES TRUE TEMPER, INC.,** | : | |
|     Defendants | : | |

## ORDER

**AND NOW**, this 5th day of September 2006, upon due consideration, and for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion in limine (Doc. No. 22) is **GRANTED** in part as follows:

1. Defendant may introduce evidence of Plaintiff's alteration or tampering with the product.

2. Defendant may not introduce evidence of Plaintiff's prior conviction for possession of drug paraphernalia.

3. Defendant may not introduce evidence of Plaintiff's receipt of unemployment compensation.

**IT IS FURTHER ORDERED THAT** Defendants' motion in limine (Doc. No. 24) is **DENIED.**

                                                                   **S/ Yvette Kane**
                                                    Yvette Kane, Chief Judge
                                                    United States District Judge